*[handwritten, superimposed]* ...and/or conference to be held on MAY 29, 2013 @ 10:00 AM

Opposing counsel to state position (by letter not to exceed 3 pages) in writing *one week in advance.*

So ordered.

*Cathy Seibel*

Cathy Seibel, U.S.D.J.

Dated: 5/10/13

May 10, 2013

**SCHIFF HARDIN** LLP
David Jacoby
212-745-0876
djacoby@schiffhardin.com

666 Fifth Avenue, 17th Floor
New York, New York 10103
/ 212.753.5000
( 212.753.5044
www.schiffhardin.com

*[handwritten]* 5/16/13 conference is adjourned to the above date.

**BY TELECOPY**

Hon. Cathy Seibel,
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St
White Plains, New York 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/13/2013

Re:  *Transeo S.A.R.L. et ano. v. Bessemer Venture Partners VI L.P., et al.*
(11-cv-5331 (CS) (PED))

**MEMO ENDORSED**

Dear Judge Seibel :

This firm represents Plaintiffs Transeo S.A.R.L. and Philippe Gelblat (collectively, "**Transeo**") in the above-referenced action. Pursuant to Your Honor's Individual Practices Section 2(A), we write to request a pre-motion conference with respect to Transeo's anticipated motion to dismiss, or alternatively, to stay (the "**Motion**") the proceedings with regard to the counterclaims brought on behalf of: (i) nominal defendant Neutral Holdings, Inc. ("**NHI**"), for breach of contract, and (ii) NHI, Intego S.A., and Intego, Inc. (the last two collectively referred to as "**Intego Entities**"), for unjust enrichment (collectively, the "**Counterclaims**").

Dismissal of the Counterclaims is appropriate here for multiple reasons. The first is the doctrine of "comity of the courts" because there are parallel proceedings commenced almost two years ago in France by Intego S.A., a French corporation, in retaliation for various actions commenced in France by Transeo and Laurent Marteau against Intego S.A. The Second Circuit recognized the need for such abstention in *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92-93 (2d Cir. 2006), where "exceptional circumstances exist that justify the surrender of [the district court's] jurisdiction." The facts in the instant case present such exceptional circumstances. In *Royal*, the defendant-insured sought to dismiss the plaintiff-insurer's complaint based on a parallel action in Canada only _after_ its Canadian defendant-affiliate had argued in the Canadian action that the same plaintiff's claims involved transactions that occurred in the United States and thus properly belonged in the United States. In contrast, Transeo is not seeking to circumvent the American (or any other) judicial system; indeed, Transeo specifically chose to commence the action here. However, the Counterclaims bear a *de minimis* connection, if any, to the claims already at issue before this Court, and in any event are being actively litigated in a series of retaliatory French claims brought by the Defendants. In one of their most recent pleadings before the French court in one such retaliatory action, ironically on March 13, 2013 - just days before this Court decided Defendants' Motions to Dismiss - Intego S.A. denied any connection to this Court and subject matter of this case (translated): "Intego [S.A.] has absolutely no relation to the proceedings opposing, in the United States, Transeo and/or a certain Mr. Gelblat, to companies belonging to the Bessemer Venture Partners Group and to certain of its directors, and to Neutral Holdings, Inc., because Intego [S.A.] has nothing to


SCHIFF HARDIN LLP

Hon. Cathy Seibel
May 10, 2013
Page 2

do with such proceeding, closely or remotely." Transeo intends to adduce appropriate proof (i) of French law and public policy supporting this conclusion; (ii) that one of the French courts having jurisdiction over one of the French actions at stake has indicated it expects to decide its case with respect to the alleged wrongful dismissal of Laurent Marteau from Intego S.A. this month, and (iii) of the expected intention of another court (the Tribunal de Commerce de Paris) to rule on a controlling aspect of the pending matters this month, i.e., whether to grant a stay, at Intego S.A.'s request, in one of these actions pending decisions of the French Tribunal de Grande Instance de Paris, which has exclusive jurisdiction over French real estate matters as a matter of law and public policy.

The Motion seeks to prevent needless complication and delay in the instant action. France is an adequate alternative forum and, as explained above, French courts have indicated that they expect to rule on two aspects of two claims in May 2013. *See id.* at 94 (identifying "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternative forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction" as factors to be considered in determining whether to abstain based on international comity); *see also von Spee v. von Spee*, 514 F. Supp. 2d 302, 318 (D. Conn. 2007) (stating that in such a situation "a district court should be guided by the principles upon which international comity is based: the proper respect for litigation in and the courts of a sovereign nation, fairness to litigants, and judicial efficiency"). The Counterclaims seek to litigate in this Court matters of which the French courts are already seized at the Defendants' initiative and that involve real estate leases of premises in Paris, in an attempt to further delay the resolution of the case before this Court and exhaust the Plaintiffs financially – who cannot match Bessemer's vast resources – by litigating the same subject matter in two countries. Much as a sovereign nation has an overriding interest in bankruptcy proceedings involving its own debtors, as expressly recognized by the Second Circuit in *Royal*, sovereign nations have significant public policy interests in actions involving real estate within their borders.

Second, Fed. R. Civ. P. 13(i) provides this Court with the authority to order a separate trial for the Counterclaims. Rule 13(i) "treats counterclaims, whether compulsory or permissive, like other multiple claims." *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956); *see also Am. Home Prods. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 454 (S.D.N.Y. 1986) (finding severance of counterclaims appropriate based on the complexity of the issues and their factual remoteness from the underlying claims). The Motion will request that, to the extent this Court does not simply dismiss the Counterclaims, they should, alternatively, be severed and stayed temporarily pending resolution of the French actions.

Finally, both dismissal or a stay are supported by the concept of equitable estoppel. Equitable estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought." *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 106 (2006) (internal citations

05/10/2013   17:32 FAX                                                    ☒004/005

 SCHIFF HARDIN LLP

Hon. Cathy Seibel
May 10, 2013
Page 3

omitted).    Transeo will demonstrate that transactions that are now the subject matter of the Counterclaims were independently audited by accounting company "4A Audit"; that the audits encompass the payments (and destinations thereof) identified in the Counterclaims; and that these audits were accepted and approved by the board of directors of NHI.

Third, and alternatively, the Motion will urge dismissal of the Counterclaims due to their only remote linkage to the claims underlying this case.  NHI is only a Nominal Defendant in this derivative suit, and therefore Transeo is not an "opposing party" against which NHI can assert a Rule 13 counterclaim. *See, e.g., Fishbein v. Miranda*, 785 F. Supp. 2d 375, 391 (S.D.N.Y. 2011) (recognizing the general principle that one may only bring a counterclaim against another party in the particular capacity in which that other party is already in the case).  Furthermore, the Intego Entities' Counterclaims are inappropriate here, and therefore should be dismissed, because Transeo has made not claims against either Intego Entity. The Intego Entities are thus not parties to this action—as Intego S.A. told the French court.

Fourth, the Counterclaims are at best permissive counterclaims, requiring an independent basis for jurisdiction.  Pursuant to Rule 13(a), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A).  The Second Circuit uses a "logical relationship" test to determine whether this requirement has been met, considering whether the "essential facts of the claims [are] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (finding counterclaims permissive where they involved a separate concern with regard to the same set of contracts) (internal citations omitted); *see also Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) ("The claim is not compulsory if it was the subject of another pending action at the time the action was commenced . . . .").  The focus of the claims in the Second Amended Complaint is on NHI's board of directors and its actions relative to Transeo's contractually guaranteed directorship and a certain letter of intent from AVG.  The first Counterclaim rests entirely on a certain Services Agreement between NHI and Transeo; the second Counterclaim is based mostly on these same claims (although with the wrong parties) and an unjust enrichment theory (and are already actively litigated in France).  Intego, Inc.'s Counterclaim fails to meet the $75,000 amount in controversy requirement for Federal subject matter jurisdiction under 28 U.S.C. § 1332(a) exclusive of interest and costs.  It alleges damages totaling $60,267.00 (Paragraph 35).  Additionally, various aspects of the Counterclaims are subject to a statute of limitations defense.  NHI and the Intego Entities seek compensatory relief based upon a number of wire transfers, including some that occurred prior to April 19, 2010. Claims based on these transfers are barred by the three-year statute of limitations on unjust enrichment for money damages. *See Ingrami v. Rovner*, 847 N.Y.S.2d 132, 134 (App. Div. 2d Dep't 2007) (finding that the three-year statute of limitations of N.Y.C.P.L.R. § 214(3) governed claim seeking "monetary, as opposed to equitable, relief"); *Grynberg v. Eni S.p.A.*, 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007) (stating that "in New York, the choice of applicable statute of limitations depends on the substantive remedy which the [claimant] seeks" and applying a three-year limitations period where claimant sought monetary relief).



Hon. Cathy Seibel
May 10, 2013
Page 4

Respectfully submitted,

David Jacoby

cc:   Michael B. Carlinsky, Esq. (via email)
      Andrew Berdon, Esq. (via email)
      Philippe C. M. Manteau

41230-0000
NY\51410431.6



666 Fifth Avenue, 17ᵗʰ Floor, New York, NY 10103 · 212.753.5000
Facsimile 212.753.5044

| | |
|---|---|
| ATTORNEY NO.: | 2524 |
| CLIENT/MATTER NO.: | 41230-0000 |
| DATE: | May 10, 2013 |

## FACSIMILE TRANSMITTAL SHEET

### TO THE FOLLOWING:

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| HON. CATHY SEIBEL | U.S. DISTRICT JUDGE | 914 390-4278 | |
| MICHAEL B. CARLINSKY, ESQ. | QUINN EMANUEL URQUHART OLIVER & HEDGES LLP | 212 849-7100 | |
| ANDREW BERDON, ESQ. | QUINN EMANUEL URQUHART OLIVER & HEDGES LLP | 212 849-7100 | |

FROM:    David Jacoby                                    DIRECT DIAL NO.:    212-745-0876

Transmission consists of cover sheet plus 4 page(s).

If there are any problems with this transmission, please call 212 745-0876.

COMMENTS:

Please see attached.

IMPORTANT - THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT READING, DISSEMINATING, DISTRIBUTING OR COPYING THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU

*(For Internal Use Only)* PLEASE RETURN THIS DOCUMENT TO:

Name:   David Jacoby
SENT OUT:
Date:                                  Time:                         A.M./P.M.
By:

Transmittal Problems:

☐   Constant Busy
☐   Constant Ringing
☐   Bad Line
☐   Equipment Problem

Time

NY\51143074.1