## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/13

WRITER'S DIRECT DIAL NO.
(212) 849-7107

WRITER'S INTERNET ADDRESS
andrewberdon@quinnemanuel.com

May 22, 2013

**VIA FAX**

Honorable Cathy Seibel
United States District Court for the Southern
District of New York
The Hon. Charles L. Brieant Jr. Federal
Building and Courthouse
300 Quarropas Street, Room 218
White Plains, NY 10601-4150

Re:   *Transeo S.A.R.L. et al. v. Bessemer Venture Partners VI L.P., et al.*, 11-CV-5331

Dear Judge Seibel:

We represent defendants Bessemer Venture Partners VI L.P., Bessemer Venture Partners VI Institutional L.P., Bessemer Venture Partners Co-Investment L.P., Deer VI & Co. LLC, Mr. Jeremy Levine, Mr. Jeffrey Erwin, and Mr. Peter Price; nominal defendant and counterclaim plaintiff Neutral Holdings, Inc. ("NHI"); and counterclaimants Intego SA and Intego, Inc. (collectively, the "Intego Entities").

In its Answer and Counterclaims filed on April 17, 2013, NHI asserted a counterclaim against Transeo S.A.R.L. ("Transeo") for breaches of the October 23, 2007 Services Agreement between NHI and Transeo. In the alternative, NHI and the Intego Entities asserted a claim against Transeo for unjust enrichment (collectively, the "Counterclaims"). We write in response to Transeo's letter of May 10, 2013 requesting a pre-motion conference with respect to a proposed motion to dismiss the Counterclaims on four grounds. As set forth below, Transeo's proposed motion is nothing more than a gambit to deny NHI recourse for serious and persistent breaches of the Services Agreement.

International Comity

International comity does not require the dismissal of the Counterclaims. As explained in the very case Transeo cites, "parallel proceedings in the same *in personam* claim should ordinarily be allowed to proceed simultaneously" and "[t]he mere existence of parallel foreign proceedings does not negate

Honorable Cathy Seibel
May 22, 2013

the district courts' virtually unflagging obligation to exercise the jurisdiction given them." *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) (quotations omitted) (holding that "the district court abused its discretion by" abstaining). In this case, the French actions are not even properly characterized as parallel, which requires that "the parties in the actions need not be the same, but they must be *substantially the same, litigating substantially the same issues in both actions.*" *Id.* at 94 (citations omitted) (emphasis supplied). Transeo's letter notably fails to disclose that **NHI is not a party to either of the French actions.** Because NHI is not a party, neither proceeding will (or can) address the issue at the heart of the Counterclaims: Transeo's breaches of the Services Agreement. Thus, the Counterclaims are not parallel to the French actions.[1]

As the claims are not parallel, Transeo's speculation that the French courts may decide the disputes before them in the near future is of no real significance. Furthermore, Transeo's speculation has proved incorrect. On May 17, 2013, the Paris Commercial Court ("Tribunal de Commerce de Paris") stayed Intego SA's action against Mr. Marteau and Transeo, pending a ruling in the second French proceeding. As such, the French actions will not interfere and do not require abstention.

Transeo also alleges that abstention is proper because the Counterclaims purportedly bear only a "*de minimis* connection" to the claims in chief. That is plainly incorrect. The events cited in the Counterclaims–and their legal import–are inextricably related to Transeo's remaining claim in chief for breach of contract relating to the formation of the special committee. NHI contends that its decision to form the special committee was forced by Transeo's misconduct and was consistent with NHI's rights and obligations under the Stockholders' Agreement. The resolution of these issues will involve the same witnesses and substantially the same evidence as Transeo's claim. As such, it is false to argue that the connection between the Counterclaims and case in chief is at all attenuated.

Severance of the Counterclaims

Transeo next argues that even if its motion for abstention is denied (as it should be), NHI's claims should be severed and delayed. However, severance is similarly unwarranted, as a trial of the Counterclaims will involve the same witnesses and largely the same evidence as the claims in chief. As such, separate trials would result in unnecessary duplication and a waste of judicial resources.

Transeo also argues that its motion to dismiss or sever is "supported by the concept of equitable estoppel." To establish equitable estoppel, a party must demonstrate "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts," and "with respect to themselves: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in their positions." *In re Vebeliunas*, 332 F.3d

---

[1] Moreover, the Second Circuit requires that a party claiming dismissal on grounds of comity "first demonstrate that a 'true conflict' exists between United States law and [foreign] law such that it would be impossible for a person to comply with the directives of both." *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 291 (E.D.N.Y. 2002). Transeo has adduced no evidence of a conflict here.

Honorable Cathy Seibel
May 22, 2013

85, 93-94 (2d Cir. 2003) (citations omitted). These are patently factual questions, originating outside the pleadings, which cannot be resolved in the context of a motion to dismiss.

### The "Remote Linkage" of the Counterclaims and Claims in Chief

Transeo next argues that since NHI is "only a Nominal Defendant," Transeo is "not an 'opposing party'" subject to counterclaims. However, *Cravatts v. Klozo Fastener Corp.*, 15 F.R.D. 12 (S.D.N.Y. 1953), recognized that where a shareholder sues a corporation in his individual capacity (in that case, as here, "to declare null and void a notice of a stockholders' meeting called ... to effect the ouster of the plaintiff as director, allegedly contrary to" a stockholders' agreement, *id.* at 13), the corporation "is not a nominal party but an 'opposing party'" and may bring a counterclaim. *Id.*

Transeo also argues that the Intego Entities are not defendants and therefore may not bring claims. Federal Rules of Civil Procedure 13(h) and 20 together govern the addition of parties as plaintiffs for counterclaims, and allow the addition of plaintiffs who "assert any right to relief jointly ... with respect to or arising out of the same ... series of transactions or occurrences," if "any question of law or fact common to all plaintiffs will arise in the action." In this case, NHI is clearly a proper party, and the Intego Entities have joined in a counterclaim related to the same occurrences and the same questions of law and fact. As such, the Intego Entities' claim is proper.

### Jurisdiction over the Counterclaims

Transeo's final argument is that the Counterclaims are permissive and thus require an independent basis for jurisdiction. A counterclaim is compulsory, not permissive, even if there is "not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them." *United Artists Corp. v. Masterpiece Prods.*, 221 F.2d 213, 216 (2d Cir. 1955). There is a logical relationship if the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1980) (quotations omitted). As discussed above, it is clear that the Counterclaims bear a "logical relationship" to the claims in chief; however, even if they are deemed permissive, this Court has subject matter jurisdiction based on diversity.[2]

Finally, Transeo has alleged that certain of the Counterclaims are subject to a statute of limitations of three years, which has lapsed. This is incorrect, as "[t]he vast majority of courts have applied a six-year statute of limitations to unjust enrichment claims regardless of whether plaintiffs are seeking legal or monetary relief." *Ross v. Thomas*, No. 09-CIV-5631, 2010 WL 3952903, at *7 n.96 (S.D.N.Y. Oct. 7, 2010) (citations omitted). As such, the statute of limitations has not lapsed.

---

[2] Transeo does not contest that there is diversity of citizenship, but argues that the Counterclaims "fail[] to meet the $75,000 amount in controversy requirement." This argument is belied by the allegations of the Counterclaims, which make clear that the total damages sought for Transeo's breach of contract exceed $75,000. See Counterclaims ¶¶ 25, 35, 56, 63, 69-74. A "plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel v. Vocational Instr. Proj. Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (citations omitted).

3

Honorable Cathy Seibel
May 22, 2013

For the foregoing reasons, we believe that each of Transeo's arguments is without merit.

Respectfully submitted,

Andrew Berdon

cc:   David Jacoby (via email)

# QUINN EMANUEL URQUHART & SULLIVAN, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
Facsimile: (213) 443-3100

**SILICON VALLEY**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
(650) 801-5000
Facsimile: (650) 801-5100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
Facsimile: (212) 849-7100

**CHICAGO**
500 W. Madison Street, Suite 2450
Chicago, IL 60661-2510
(312) 705-7400
Facsimile: (312) 705-7401

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600
Facsimile: (415) 875-6700

**WASHINGTON, DC**
1299 Pennsylvania Avenue NW
Suite 825
Washington, DC 20004-2400
(202) 538-8000
Facsimile: (202) 538-8100

*INTERNATIONAL OFFICES:*
LONDON
TOKYO
MANNHEIM
MOSCOW
HAMBURG
PARIS

## NEW YORK OFFICE
## FACSIMILE TRANSMISSION

**DATE:** May 22, 2013

**NUMBER OF PAGES, INCLUDING COVER:** 5

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Honorable Cathy Seibel<br>United States District Court for the Southern District of New York | | 914-390-4278 |

**FROM:** Andrew M. Berdon
(212) 849-7107
andrewberdon@quinnemanuel.com

**RE:** Transeo S.A.R.L. et al v. Bessemer Venture Partners VI L.P., et al., 11-CV-5331

**MESSAGE:**

Please see the attached letter.

| CLIENT # | 62232 | ROUTE/RETURN TO: | | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (212) 849-7000 AS SOON AS POSSIBLE.