**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7107

WRITER'S INTERNET ADDRESS
andrewberdon@quinnemanuel.com

July 31, 2013

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/2013
```

Re:   *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., et al.*, No. 7:11-cv-05331

Dear Judge Seibel:

We represent the defendants in the above-referenced action.[1] We write in response to Plaintiffs' letter of July 1, 2013 requesting a pre-motion conference in connection with their request to file a motion for summary judgment and to request a pre-motion conference to discuss our Clients' anticipated cross-motion for summary judgment. As set forth below, while Transeo's anticipated motion will fail as a matter of law, we believe that our Clients have several strong grounds for summary judgment in their favor.[2]

Breach of Contract

In its letter, Transeo argues that the creation of a special committee by the Board of NHI constitutes a *per se* breach of the Stockholders' Agreement between Bessemer and Transeo (the "Agreement"), "regardless of why or when the special committee was created," because by virtue of the creation of the Special Committee, Bessemer "caused directors to remove a fellow director." This is simply

---

[1] They are: Bessemer Venture Partners VI L.P., Bessemer Venture Partners VI Institutional L.P., Bessemer Venture Partners Co-Investment L.P., Deer VI & Co. LLC (collectively, "Bessemer"), Mr. Jeremy Levine, Mr. Jeffrey Erwin, and Mr. Peter Price; nominal defendant and counterclaim plaintiff Neutral Holdings, Inc. ("NHI"); and counterclaimants Intego SA and Intego, Inc. (together, "Intego") (collectively, our "Clients").

[2] In order to address both the Plaintiffs' anticipated motion for summary judgment and our Clients' request for a pre-motion conference to discuss their anticipated cross-motion for summary judgment in a single letter, we ask that the Court accept this five-page letter instead of the three-page letter that would be permitted if this were simply our response.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

incorrect.

       1.      NHI's Board Had the Authority to Create the Special Committee

The NHI Board's delegation of authority to a special committee was explicitly authorized under the company's Bylaws, did not violate any express or implied provision of the Agreement, and was approved at a properly constituted Board meeting.

NHI's Bylaws specifically allow for the delegation of the Board's authority "by resolution passed by a majority of the whole board" to a committee "to consist of one or more of the directors of the Corporation. Any such committee to the extent provided in the resolution of the Board of Directors or in these Bylaws, *shall have and may exercise all of the powers and authority of the Board of Directors.*" NHI Bylaws, Section 3.04. In accordance with the Bylaws, a resolution to create a special committee was duly considered and voted upon by the Board at its meeting of August 1, 2011, at which Mr. Marteau (and a quorum) were present. Mr. Marteau voted against; three other directors voted for. The resolution passed.

Transco is unable to cite any provision of the Agreement that contradicts or limits the Board's authority to create committees. Moreover, Transeo cannot and has not cited any case law that limits the power of a Board to delegate to a special committee in accordance with the terms of the corporate bylaws following the results of a majority vote of the board, despite the opposition of a single director.

The only contractual provision that Transeo cites as relevant— its right to "select[] and nominate[]" Mr. Marteau to the Board—was not violated by the delegation to the Special Committee. Transeo's sole right was to nominate and select one member of a Board which, at all times, had four members; that Board was always subject to majority rule. Mr. Marteau could be outvoted, as he was in the vote regarding the Special Committee. Mr. Marteau's attempt to enlarge his contractual right to a directorship into a contractual right to limit the Board's authority to delegate pursuant to the Bylaws finds support in neither the Agreement nor the law.

Transeo also argues that actions taken at the August 1, 2011 meeting, including the approval of the resolution to create the Special Committee, were ineffective because "Bessemer circulated a misleading agenda" and because "a quorum obtained by trickery is invalid." First, Bessemer did not circulate the agenda; it was circulated by Jeffrey Erwin, a director of NHI. Moreover, even the sole, unpublished case that Transeo relies on in support of its argument concedes "the absence of any hard and fast legal rule that directors be given advance notice of all matters to be considered at a meeting." *Adlerstein v. Wertheimer*, No. CIV.A. 19101, 2002 WL 205684 at *9 (Del. Ch. Jan. 25, 2002) (unpublished). The *Alderstein* court only found that advance notice was required in that case because the misled director "possessed the contractual power to prevent the [contested Board action] by executing a written consent" to remove other directors in advance, and only the lack of notice prevented him from doing so. *Id.* Even if this unpublished decision were binding on this Court (and it is not), the facts here are clearly distinguishable because even with advance notice, Transco did not have a right to change the composition of the Board to prevent the passage of the resolution forming the special committee. Thus, the exceptional notice requirement fashioned to address the specific facts of *Adlerstein* is not warranted here.

2

Even assuming that the quorum had been obtained by trickery (which our Clients, of course, dispute), Transeo would still be denied relief under applicable Delaware law. "It is well established that the rule against obtaining a quorum through trickery does not apply where the director who has allegedly been tricked not only attends the meeting but also remains and participates in the entire meeting and in all its proceedings." *Dillon v. Berg*, 326 F. Supp. 1214, 1221 (D. Del. 1971) *aff'd*, 453 F.2d 876 (3d Cir. 1971). Mr. Marteau participated in the discussion regarding the Special Committee, and voted on the resolution. Therefore, he has no basis to argue that the quorum was invalid.

2.　　Mr. Marteau Remains a Director of NHI

The uncontroverted evidence will demonstrate that Mr. Marteau has not been removed as a director of NHI. While the Board has not met since August 1, 2011, the reason for the suspension of meetings of the full Board lies directly at Mr. Marteau's feet. In fact, when, on July 10, 2013, director Jeffrey Erwin provided notice of NHI's intent to hold a meeting of the Board on Monday, July 15, Mr. Marteau failed to respond. Mr. Erwin attempted to provide this notice by email to an email address that Mr. Marteau had previously used. Mr. Erwin also, separately, offered to mail notice to Mr. Marteau if Mr. Marteau would provide a current business address. Mr. Marteau did not respond or appear at the meeting and, as such, the Board failed to achieve a quorum.

The NHI Board then re-noticed the meeting for Monday, July 29; notice was sent to Mr. Marteau by email and by the French equivalent of certified mail to his last known business address. Mr. Marteau's counsel were also informed of Mr. Erwin's efforts to provide notice of the Board meeting to Mr. Marteau during a teleconference between counsel on July 19, 2013. Mr. Marteau did not respond to the notice and again failed to appear at that meeting. There have been no other Board meetings held since the August 1, 2011 meeting, at which Mr. Marteau was present, nor has the NHI Board taken any meaningful action that would have had an impact on Transeo or the value of its shares in NHI in the interim. Nor has Mr. Marteau been denied any other rights due to a director. As such, Mr. Marteau has not been removed, *de jure* or *de facto*, as a director.

Derivative Breach of Fiduciary Duty

While Transeo has not stated an intent to move for summary judgment on its derivative breach of fiduciary duty claims, our Clients intend to do so. "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *10 Ellicott Square Court Corp. v. Mtn. Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2011) (citations omitted). There are no disputed facts on the issues pertinent to the derivative breach of fiduciary duty claims.

1.　　AVG Offer

Transeo has asserted a derivative breach of fiduciary duty by Bessemer and directors Jeffrey Erwin and Jeremy Levine for failure to investigate and respond to an indication of interest by AVG in the potential purchase of NHI. However, the undisputed facts will show that the Board properly considered the indication of interest at the August 1, 2011 meeting and that NHI and Intego have actually continued discussions with AVG since 2011, though no tangible deal has materialized.

Furthermore, the record will establish that the members of the NHI Board are highly experienced in the areas of mergers and acquisitions and business valuation, and intimately familiar with the NHI business. Accordingly, no outside investment bank or valuation expert was needed in order for Messrs. Levine and Erwin to evaluate the AVG proposal properly and in accordance with their fiduciary duties. Moreover, our Clients' ongoing discussions with AVG since 2011, which will be evidenced by sworn declarations and which Transeo cannot dispute, provide conclusive evidence that there was no breach of fiduciary duty by virtue of the actions taken at the August 1, 2011 Board meeting.

2.  Forgery and the Creation of False Documents

Transeo has also asserted a derivative claim for breach of fiduciary duty against Messrs. Erwin and Levine for the creation of purportedly false documents in connection with stock option grants; the forgery of documents falsely indicating that Mr. Erwin was present in person at the July 29, 2011 Annual General Meeting of Intego SA; and the relocation of Intego's cash and assets from France to the United States. None of these claims will survive a motion for summary judgment.

First, the undisputed facts will demonstrate that Transeo has no claim regarding the "forging" of documents. Delaware law states that "[a] person is guilty of forgery when, intending to defraud, deceive or injure another person . . . the person [m]akes, completes, executes, authenticates, issues or transfers any written instrument which purports to be the act of another person, whether real or fictitious, who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case or to be a copy of an original when no original existed . . ." Del. Code Ann. tit. 11, § 861. The "false document" that Transeo complains of regarding the 2011 AGM is a set of meeting minutes which state that Mr. Erwin and Peter Price were in New York, when in fact they participated by phone from Paris. The error is not substantive. Moreover, the meeting minutes do not "purport[] to be the act of another person," "to have been executed at a time or place or in a numbered sequence other than was in fact the case[,] or to be a copy of an original," as required by Delaware law. Any questions with respect to their accuracy do not meet the requirements to demonstrate forgery.

Here, the incontrovertible evidence will demonstrate that the so-called "false document" that Transeo complains of regarding the grant of stock options is a document that contained a typographical error regarding the date on which the plan was adopted (and not the date on which the options were granted). The undisputed evidence will show that the typographical error was inadvertent and had no economic or legal effect. Moreover, "the essence of the crime of forgery is the fraudulent intent that inspired or accompanied the act." *State v. Anderson*, 74 A. 1097, 1098 (Del. Gen. Sess. 1910). Transeo will be unable to prove any motivation to defraud, much less intent to defraud, in connection with the creation of either document. Finally, Transeo cannot show that any legal or economic harm was caused by either event; the minor typographical errors cannot have damaged NHI, or the Plaintiffs.

3.  The Relocation of Intego's Assets

Transeo also alleges that Mr. Erwin "t[ook] steps to relocate Intego's assets, and in particular its cash, computer web services and associated intellectual property, from France to the United States."

4

where it was subject to, among other risks, the vagaries of the Paris electrical system, which once suffered a power outage which kept Intego's e-commerce sites offline for over 14 hours. After Mr. Marteau's termination, Intego's management team determined that Intego's intellectual property should be moved to a cloud-based system hosted by Amazon, a reputable and secure provider. The uncontroverted facts will demonstrate that this decision was made by Intego's management and was clearly in NHI's interest, as it greatly increased the security of Intego's primary asset, its intellectual property.

For the foregoing reasons, our Clients believe that Transeo's motion for summary judgment on its claim for breach of contract is unfounded and that our Clients' motion, if permitted to be filed, will succeed in dismissing all of Transeo's remaining claims.

Our Clients support briefing and resolution of dispositive motions as quickly as is practicable. However, it is unlikely that such briefing will be possible without at least some discovery being taken of Plaintiffs, such as a deposition of Transeo under Federal Rule of Civil Procedure 30(b)(6). Accordingly, we cannot join in Plaintiffs' request that briefing on motions for summary judgment occur in parallel with briefing on Plaintiffs' motion to dismiss or stay our Clients' counterclaims.

Sincerely,

*A. Berdon*/rns

Andrew M. Berdon

5

# QUINN EMANUEL URQUHART & SULLIVAN, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
Facsimile (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
500 W. Madison Street, Suite 2450
Chicago, IL 60661-2510
(312) 705-7400
Facsimile: (312) 705-7401

**WASHINGTON, DC**
1299 Pennsylvania Avenue NW
Suite 825
Washington, DC 20004-2400
(202) 538-8000
Facsimile: (202) 538-8100

*INTERNATIONAL OFFICES*
LONDON
TOKYO
MANNHEIM
MOSCOW
HAMBURG
PARIS

## NEW YORK OFFICE
## FACSIMILE TRANSMISSION

**DATE:** July 31, 2013

**NUMBER OF PAGES, INCLUDING COVER:** 6

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Honorable Cathy Seibel, United States District Judge<br>United States Courthouse | | 914-390-4278 |

**FROM:** Andrew M. Berdon
(212) 849-7107
andrewberdon@quinnemanuel.com

**RE:** Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P. et al., No. 7:11-cv-05331

**MESSAGE:**

Attached please find a letter regarding the above referenced matter.

| CLIENT # | 04494-62232 | ROUTE/<br>RETURN TO: | Renita Sharma | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

OPERATOR:      CONFIRMED? ☐ NO ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (212) 849-7000 AS SOON AS POSSIBLE.