UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

| | |
|---|---|
| TRANSEO S.A.R.L. and PHILIPPE GELBLAT,<br><br>          Plaintiffs,<br><br>     v.<br><br>BESSEMER VENTURE PARTNERS VI L.P., BESSEMER VENTURE PARTNERS VI INSTITUTIONAL L.P., and BESSEMER VENTURE PARTNERS CO-INVESTMENT L.P., ET AL.<br><br>          Defendants,<br><br>     and<br><br>NEUTRAL HOLDINGS, INC.,<br><br>          Nominal Defendant and Counterclaim Plaintiff,<br><br>     and<br><br>INTEGO, INC. and INTEGO SA,<br><br>          Counterclaim Plaintiffs. | 11 CV 5331 (CS) (PED)<br><br>**INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Bessemer Venture Partners VI L.P., Bessemer Venture Partners VI Institutional L.P., Bessemer Venture Partners Co-Investment L.P., Deer VI & Co. LLC, Jeremy Levine, Jeffrey Erwin, and Peter Price ("Defendants"), Nominal Defendant and Counterclaim Plaintiff Neutral Holdings, Inc. ("NHI") and Counterclaim Plaintiffs Intego S.A. and Intego, Inc. ("Counterclaim Plaintiffs") make these disclosures based on information that is reasonably available at this time. Defendants and Counterclaim Plaintiffs reserve the right to amend or supplement these disclosures, if necessary, based on their continuing investigation and discovery regarding this case.

These disclosures represent a good faith effort to identify information that Defendants and Counterclaim Plaintiffs reasonably believe may be used to support one or more of their claims or defenses.  By making the following disclosures, Defendants and Counterclaim Plaintiffs do not represent that every individual herein necessarily possesses such information or that the individual or entity possesses relevant information.  Nor do they represent that they are identifying every document, tangible thing, or witness that they may use to support their claims or defenses.  Defendants and Counterclaim Plaintiffs reserve the right to call any witness, including expert witnesses, or present any exhibit or item at trial not listed herein but determined through discovery, investigation, or otherwise to support their claims or defenses.  Defendants and Counterclaim Plaintiffs make these disclosures without waiving any claim of privilege, work product protection, or any other objection under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable rule or law.

## I. INDIVIDUALS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants and Counterclaim Plaintiffs identify the following individuals and entities, with addresses and telephone numbers where known, likely to have discoverable information that Defendants and Counterclaim Plaintiffs may use to support their claims or defenses:

| Individual or Entity | Subject of Discoverable Information |
|---|---|
| Bessemer Venture Partners VI L.P.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Bessemer Venture Partners VI L.P. may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |

| | |
|---|---|
| Bessemer Venture Partners VI Institutional L.P.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Bessemer Venture Partners VI Institutional L.P. may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |
| Bessemer Venture Partners Co-Investment L.P.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Bessemer Venture Partners Co-Investment L.P. may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |
| Deer VI & Co. LLC<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Deer VI & Co. LLC may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |
| Intego S.A.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Intego S.A. may have discoverable information concerning, among other things, Mr. Marteau's and Transeo's misconduct. |
| Intego, Inc.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Intego, Inc. may have discoverable information concerning, among other things, Mr. Marteau's and Transeo's misconduct. |
| Neutral Holdings, Inc.<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Neutral Holdings, Inc. may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau and Transeo's misconduct. |
| GagaFactory<br>*Address Unknown* | GagaFactory may have discoverable information concerning, among other things, the diversion of Intego assets to GagaFactory and the RadioGaga project. |

| | |
|---|---|
| Miracross Limited<br>*Address Unknown* | Miracross Limited may have discoverable information concerning, among other things, the diversion of Intego assets. |
| Transeo S.A.R.L.<br>c/o David Jacoby<br>Schiff Hardin LLP<br>666 Fifth Avenue, 17th Floor<br>New York, NY 10103 | Transeo S.A.R.L. may have discoverable information concerning, among other things, the AVG non-binding indication of interest and Mr. Marteau's and Transeo's misconduct. |
| Jeffrey Erwin<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010i t<br>Tel.: 212-849-7000 | Jeffrey Erwin may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |
| Philippe Gelblat<br>c/o David Jacoby<br>Schiff Hardin LLP<br>666 Fifth Avenue, 17th Floor<br>New York, NY 10103 | Philippe Gelblat may have discoverable information concerning, among other things, Mr. Marteau's and Transeo's misconduct. |
| John Goldsmith<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | John Goldsmith may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau's and Transeo's misconduct. |
| Jeremy Levine<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Jeremy Levine may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau and Transeo's misconduct. |
| Laurent Marteau<br>c/o David Jacoby<br>Schiff Hardin LLP<br>666 Fifth Avenue, 17th Floor<br>New York, NY 10103 | Laurent Marteau may have discoverable information concerning, among other things, the AVG non-binding indication of interest and Mr. Marteau's and Transeo's misconduct. |
| Kirk McElhearn<br>*Address Unknown* | Kirk McElhearn may have discoverable information concerning, among other things, the diversion of Intego assets to GagaFactory and the RadioGaga project. |

| | |
|---|---|
| Perceval McElhearn<br>*Address Unknown* | Perceval McElhearn may have discoverable information the diversion of Intego assets to GagaFactory and the RadioGaga project. |
| Peter Price<br>c/o Andrew M. Berdon<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: 212-849-7000 | Peter Price may have discoverable information concerning, among other things, the AVG non-binding indication of interest, the 2009 grant of stock options, the formation of the Special Committee, and Mr. Marteau and Transeo's misconduct. |

**II.    DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants and Counterclaim Plaintiffs identify the following categories of documents, electronically stored information, and tangible things that they have in their possession, custody, or control and may use to support theirs claims or defenses:

- o Books, records, and communications of NHI relating to the AVG non-binding indication of interest; the 2009 Stock Option Plan; and the parties' rights, obligations, and performance of their duties under the Stockholders' Agreement; and

- o Books, records, and communications of NHI, Intego, S.A. and Intego Inc. relating to the transactions described in their Counterclaims; and

- o Books, records, and communications of Transeo relating to the transactions described in the Counterclaims.

**III.    DAMAGES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), NHI discloses that it is seeking damages in an amount to be determined at trial sufficient to compensate NHI for Transeo's breach of contract as described in the First Counterclaim.  In the alternative, NHI,

Intego S.A., and Intego, Inc. seek an award of damages in an amount to be determined at trial sufficient to compensate them for Transeo's unjust enrichment as described in their Second Counterclaim. NHI, Intego S.A. and Intego, Inc. also seek prejudgment interest on all sums awarded as well as an award of their respective attorneys' fees and costs. NHI, Intego S.A. and Intego, Inc. reserve the right to seek additional damages as and when additional claims or facts are discovered in this Action. As and when ordered by the Court, NHI, Intego S.A. and Intego Inc. intend to prepare a formal damages computation and make available for inspection and copying, as provided under Federal Rule of Civil Procedure 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which its damages computation is based, including materials bearing on the nature and extent of injuries suffered.

## IV.   INSURANCE

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Defendants and Counterclaim Plaintiffs are aware of an insurance policy issued to Deer Management Company, LLC by Houston Casualty Company, Policy No. H711-61780, which may be liable to satisfy all or part of any possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: New York, NY
August 28, 2013

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By _____
Michael B. Carlinsky
(michaelcarlinsky@quinnemanuel.com)
Andrew M. Berdon
(andrewberdon@quinnemanuel.com)
Renita Sharma
(renitasharma@quinnemanuel.com)
51 Madison Avenue, 22nd Floor
New York, NY 10010

Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendants*
Bessemer Venture Partners VI L.P., Bessemer Venture Partners VI Institutional L.P., Bessemer Venture Partners Co-Investment L.P., Deer VI & Co., Jeremy Levine, Jeffrey Erwin and Peter Price

*Attorneys for Nominal Defendant and Counterclaim Plaintiff*
Neutral Holdings, Inc.

*Attorneys for Counterclaim Plaintiffs*
Intego SA and Intego, Inc.